IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON H. GANTZ, | No. C 05-2706 JSW (PR) |
| Petitioner, | |
| vs. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| THE PEOPLE, | |
| Respondent. | |

## INTRODUCTION

Petitioner Gordon H. Gantz has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury of making a false bomb threat in San Francisco Superior Court and ultimately sentenced to a term of three years probation on April 27, 2003. Petitioner unsuccessfully appealed his conviction to the Court of Appeal and the Supreme Court of California, which denied review in 2005. Petitioner filed the instant petition on July 1, 2005. The petition names "The People" as respondent.

## DISCUSSION

A habeas petitioner must name the "person who has custody over him" as the respondent. *See* 28 U.S.C. § 2242; *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under

Section § 2254). Failure to name the petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The proper respondent will depend on the facts of the petitioner's custody. The proper respondent in the usual case of a person currently in custody is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions. Rules Governing § 2254 Cases, Rule 2(b), 28 U.S.C. foll. § 2254, Advisory Committee's Notes. Where the petitioner is in probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Id.* In other cases, the petitioner may name the state attorney general. *See id.; Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). Here, the appropriate respondents would be Petitioner's probation officer *and* the official in charge of the probation agency or the state correctional agency, as appropriate. *Ortiz-Sandoval*, 81 F.3d at 894.

Petitioner did not name the appropriate respondents in his petition for writ of habeas corpus. He must do so or the action must be dismissed for lack of personal jurisdiction. Accordingly, the petition for writ of habeas corpus is dismissed with leave to amend so that Petitioner may name the proper respondents in his petition. The amended petition must be filed no later than **thirty (30) days** from the date of this order. Failure to name a proper respondent or failure to file an amended petition by the deadline will result in the dismissal of this action.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. This action is dismissed with leave to file an amended petition within **thirty (30) days** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Petitioner must notify the Court in his petition whether each such claim has been presented to the

California Supreme Court. The amended petition must name the appropriate respondents to the petition. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the original, Petitioner must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 113 S. Ct. 321 (1992). Petitioner may not incorporate material from the original petition by reference. Failure to file an amended petition by the deadline as set forth above will result in dismissal of this action.

2. It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 28, 2005

JEFFREY S. WHITE
United States District Judge