1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT

7             FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    GORDON H. GANTZ,                    )    No. C 05-2706 JSW (PR)
                                         )
10                Petitioner,            )
                                         )
11       vs.                             )    **SECOND ORDER OF DISMISSAL**
                                         )    **WITH LEAVE TO AMEND AND**
12   ARTURO FARO, ACTING                 )    **INSTRUCTIONS TO THE CLERK**
     PROBATION CHIEF,                    )
13                                       )
                  Respondent.            )
14                                       )

15

16         Petitioner Gordon H. Gantz has filed a habeas corpus petition pursuant to 28

17   U.S.C. § 2254 challenging the constitutional validity of his state conviction.  Petitioner

18   paid the filing fee.  Petitioner filed the instant action on July 1, 2005, and the petition was

19   dismissed by the Court with leave to amend for failure to allege a proper Respondent on

20   November 28, 2005.  Thereafter, on November 30, 2005, Petitioner filed an amended

21   petition, naming the acting chief of probation, Arturo Faro, as Respondent in this action.

22   As such, the Clerk is directed to substitute Faro as Respondent in this action.

23         However, the amended petition failed to include any claims as grounds for relief,

24   instead simply stating "original filing 7-1-05" at the bottom of the Court's habeas petition

25   form.

26         As this Court informed Petitioner in the original order of dismissal with leave to

27   amend,

28         [b]ecause an amended petition completely replaces the original, Petitioner

1
2
3

must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 113 S. Ct. 321 (1992). Petitioner may not incorporate material from the original petition by reference. Failure to file an amended petition by the deadline as set forth above will result in dismissal of this action.

4

In the amended petition, Petitioner failed to raise any claims as grounds for relief.

5

Accordingly, the amended petition for writ of habeas corpus is dismissed with leave to

6

amend. The second amended petition must be filed no later than **thirty (30) days** from

7

the date of this order. Failure file an amended petition raising proper claims by the

8

deadline will result in the dismissal of this action.

9

**CONCLUSION**

10

For the foregoing reasons and for good cause shown:

11

1. This action is dismissed with leave to file a second amended petition within

12

**thirty (30) days** of the date of this order in which Petitioner presents only claims for

13

violations of his rights under the laws, treaties, or Constitution of the United States.

14

Petitioner must notify the Court in his petition whether each such claim has been

15

presented to the California Supreme Court. The amended petition must name the

16

appropriate respondents to the petition. The amended petition must contain the caption

17

and civil case number used in this order and the words SECOND AMENDED

18

PETITION on the first page. Because an amended petition completely replaces the

19

original, Petitioner must include in it all the claims he wishes to present. *See Ferdik v.*

20

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 113 S. Ct. 321 (1992). Petitioner

21

may not incorporate material from the original petition by reference. Failure to file an

22

amended petition by the deadline as set forth above will result in dismissal of this action.

23

2. It is Petitioner's responsibility to prosecute this case. He must keep the Court

24

informed of any change of address by filing a separate paper with the clerk headed

25

"Notice of Change of Address." He must comply with any orders of the Court within the

26

time allowed, or ask for an extension of that time. Failure to do so may result in the

27

dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

28

2

1    Procedure 41(b).

2        IT IS SO ORDERED.

3    DATED: May 21, 2007

4                            JEFFREY S. WHITE
                               United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GANTZ,

               Plaintiff,

   v.

THE PEOPLE et al,

               Defendant.

Case Number: CV05-02706 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gordon H. Gantz
41 Sutter Street # 1853
San Francisco, CA 94104-4905

Dated: May 21, 2007

Richard W. Winking, Clerk
By: Jennifer Ottolini, Deputy Clerk